IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RUSTY L. WHITTENBARGER, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>DANE KIRBY, et al., :<br>:<br>Defendants. :<br>: | CIVIL ACTION NO.<br>2:12-CV-008-RWS |

**ORDER**

This case comes before the Court on a Motion for Summary Judgment [41] filed by Defendants Dane Kirby ("Sheriff Kirby") and Fannin County, Georgia (collectively "Defendants"). After reviewing the record, the Court enters the following order.

**Background**

This case arises out of the termination of Plaintiff Rusty L. Whittenbarger ("Plaintiff"), a former Deputy serving Sheriff Kirby, the Sheriff of Fannin County. (See generally Compl., Dkt. [1].) The undisputed facts are as follows.

Sheriff Kirby was elected Sheriff of Fannin County, Georgia, in 2008 [41-2, ¶ 1; 45-15, admitted]. Sheriff Kirby has continuously served as Fannin

County Sheriff since January 2009 [41-2, ¶ 2; 45-15, admitted]. The Fannin County Sheriff's Office does not have a civil service system [41-2, ¶ 3; 45-15, admitted]. The Sheriff can unilaterally terminate individuals employed in the Sherrif's Office without the county's involvement or permission [41-2, ¶ 4; 45-15, admitted].

At the time of his termination, Plaintiff was a Deputy Sheriff with the Fannin County Sheriff's Office [41-2, ¶ 5; 45-15, admitted]. During the time that he worked at the Fannin County Sheriff's Office, William Brackett and his wife Amber were both employed as Deputies [41-2, ¶ 6; 45-15, admitted]. Sheriff Kirby testified that he was informed that Plaintiff made statements to the effect that William Brackett had "something on" the Sheriff and that was the reason that the Sheriff was not disciplining Brackett [41-2, ¶ 7; 45-15, admitted]. Sheriff Kirby also testified that he understood that Plaintiff "was claiming that [the Sheriff] failed to deal with matters, that [he] swep[t] things under the rug" [41-2, ¶ 8; 45-15, admitted].

Because of the statements attributed to Plaintiff, Sheriff Kirby ordered an investigation of Plaintiff in June 2010 [41-2, ¶ 9; 45-15, admitted]. After the investigation commenced, Plaintiff had a telephone conversation with former

2

Deputy Chad Ensley [41-2, ¶ 11; 45-15, admitted]. Ensley recorded his telephone conversation with Plaintiff [41-2, ¶ 12; 45-15, admitted]. Plaintiff complained to Ensley that the Bracketts were receiving preferential treatment from the Sheriff [41-2, ¶ 13; 45-15, admitted]. Plaintiff told Ensley that if Todd Pack were the Sheriff, the playing field would be fairer and there would not be any preferential treatment [41-2, ¶ 14; 45-15, admitted].

On June 18, 2010, Plaintiff met with Sheriff Kirby, Major Keith Bosen, and Sergeant Todd Pack [41-2, ¶ 10; 45-15, admitted]. One of the topics that was discussed during the June 18 meeting was Plaintiff's phone conversation with Ensley [41-2, ¶ 15; 45-15, admitted]. The Sheriff was "adamant" about Plaintiff telling him "exactly what [he] said to Chad [Ensley] on the phone" [41-2, ¶ 16; 45-15, admitted]. The Sheriff concluded during the meeting that Plaintiff was not being truthful about his conversation with Ensley [41-2, ¶ 17; 45-15, admitted]. Before terminating Plaintiff, the Sheriff listened to the tape recording of the telephone conversation between Plaintiff and Chad Ensley [41-2, ¶ 21; 45-15, admitted].

Plaintiff was terminated on June 23, 2010 [41-2, ¶ 18; 45-15, admitted]. A report was generated in connection with Plaintiff's termination [41-2, ¶ 19;

3

45-15, admitted]. Plaintiff appealed his termination to the Sheriff on July 1, 2010 [41-2, ¶ 23; 45-15, admitted].

William Brackett owed Plaintiff a debt of approximately $100.00 in connection with Plaintiff purchasing a rifle scope on Brackett's behalf approximately two months before Plaintiff's termination [41-2, ¶ 24; 45-15, admitted]. Because Plaintiff wanted to get his debt satisfied, Plaintiff advised Major Bosen of his intention to sue Brackett on the debt [41-2, ¶ 25; 45-15, admitted]. Plaintiff reported the debt to Major Bosen because the Standard Operating Procedures ("SOPs") compelled that communication [41-2, ¶ 27; 45-15, admitted].

Plaintiff contends that he learned the Bracketts were leaving their children at home unsupervised [41-2, ¶ 32; 45-15, admitted]. Pursuant to the SOPs, Plaintiff reported to Sheriff Kirby the allegation that the Bracketts were leaving their children at home unsupervised [41-2, ¶ 33; 45-15, admitted]. Plaintiff communicated to Sergeant Pack and Major Bosen that Amber Brackett had "bounced a check" [41-2, ¶ 34; 45-15, admitted]. Plaintiff communicated the bounced check allegations to Pack and Bosen because the SOPs compelled that communication [41-2, ¶ 35; 45-15, admitted].

4

The Sheriff never made any statements that caused Plaintiff to conclude that he was terminating Plaintiff because of Plaintiff's age [41-2, ¶ 37; 45-15, admitted]. No individual in the Sheriff's office made any statements that caused Plaintiff to conclude that he was terminated because of his age [41-2, ¶ 38; 45-15, admitted]. Plaintiff supported Kirby against Kirby's 2008 electoral opponent [41-2, ¶ 39; 45-15, admitted]. Kirby knew Plaintiff was supporting him during the 2008 election [41-2, ¶ 40; 45-15, admitted].

After Plaintiff's termination, Plaintiff brought this suit claiming violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. 1983, as well as age discrimination pursuant to Title VII of the Civil Rights Act of 1964. Defendants now move for summary judgment on Plaintiff's claims.

## Discussion

### I. Voluntarily Abandoned Claims

Since filing the Complaint, Plaintiff has voluntarily abandoned all of his claims against Fannin County as well as his claim for age discrimination against Sheriff Kirby. (Pl's. Br. in Resp. to Defs.' Mot. For Summ. J. ("Pl's. Resp."),

Dkt. [50] at 11-12 of 27.)  As such, these claims are **DISMISSED WITH PREJUDICE**.

The Court notes that, as discussed below, even if Plaintiff had not voluntarily abandoned his age discrimination claim against Sheriff Kirby, Plaintiff's claim would have been barred and summary judgment entered against him because Sheriff Kirby is entitled to qualified immunity against all of Plaintiff's claims.

## II.   Qualified Immunity

### A.   Legal Standard

Qualified immunity protects government actors from being sued in their individual capacities when they are performing discretionary functions. Lassiter v. Ala. A&M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994).  The doctrine shields government officials from liability to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Moreover, qualified immunity protects from suit "all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).

6

Courts evaluate qualified immunity through a two-step inquiry. First, the government official must "prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991) (internal quotations omitted). To prove that he was acting within the scope of his discretionary authority, the government official must show "objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." Hutton v. Strickland, 919 F.2d 1531, 1537 (11th Cir. 1990) (internal quotations omitted). Second, "[o]nce the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Lee, 939 F.2d at 1194.

To meet his burden, the plaintiff must put forth "proof demonstrating that the defendant public official's actions violated clearly established constitutional laws." Stough v. Gallagher, 967 F.2d 1523, 1526 (11th Cir. 1992) (internal quotations omitted). When arguing that a constitutional law is clearly established, a plaintiff cannot discharge his burden by "referring to general rules and to the violation of abstract rights." Lassiter, 28 F.3d at 1150 (internal

7

quotations omitted). On the contrary, a constitutional law is clearly established when "the contours of the right [are] sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right." Courson, 939 F.2d at 1488 (internal quotations omitted). Thus the plaintiff must prove (1) that the defendant's conduct violated a clearly established constitutional right; and (2) that a reasonable government official would have been aware of that fact. Chesser v. Sparks, 248 F.3d 1117, 1122 (11th Cir. 2001).

B. Analysis

The Court finds that Sheriff Kirby is entitled to qualified immunity against all of Plaintiff's claims. As a threshold matter, the Court holds that Sheriff Kirby was acting within his discretionary power when he terminated Plaintiff. The parties do not dispute that Sheriff Kirby had the unilateral power to terminate Plaintiff without Fannin county's involvement. (Pl.'s Resp. to Defs.' Statement of Facts, Dkt. [45-15] ¶ 4.) The Court assumes that, much like the decision to appoint an employee, the decision to terminate an employee is a matter of discretion. See O.C.G.A. 15-16-23 ("Sheriffs are authorized in their discretion to appoint . . . deputies").

Having determined that Sheriff Kirby's action was taken within the scope of his discretionary power, the burden shifts to Plaintiff to prove that Sheriff Kirby's actions violated clearly established constitutional laws. Plaintiff broadly alleges that Sheriff Kirby violated the First, Fourth, and Fourteenth Amendments, but these allegations fail to refer to more than "general rules and [] the violation of abstract rights." Lassiter, 28 F.3d at 1150. Thus, the Court holds that Plaintiff has failed to point to clearly established constitutional laws and has failed to meet his burden. However, out of an abundance of caution, the Court will analyze Plaintiff's claims on the merits.

### i.  First Amendment

First, Plaintiff claims that Sheriff Kirby violated his First Amendment right to free speech by taking retaliatory action against Plaintiff when he reported the criminal conduct of fellow deputies. The Court agrees with Defendants that Plaintiff's First Amendment claim is deficient because Plaintiff's statements were made in his capacity as a government employee and thus are not protected by the First Amendment. See Boyce v. Andrew, 510 F.3d 1333, 1343 (11th Cir. 2007) ("If the government employee . . . was speaking as

9

an employee, then there can be no First Amendment issue, and the constitutional inquiry ends.")

In his Complaint, Plaintiff states that he "followed the appropriate chain of command and reported the alleged criminal and ethics violations." (Compl., Dkt. [1] ¶ 13.)  Plaintiff goes on to say that "at all times [he] followed the chain of command and acted in accordance with both Fannin County policy and the policy within the sheriff's department." (Id. ¶ 20.)  Thus, it appears that Plaintiff made his reports through internal Sheriffs Department procedures.  The Court assumes that these procedures are not available to the public, so any report made this way was made in Plaintiff's capacity as an employee, not a citizen.  Accordingly, Plaintiff's statements were made in his capacity as a government employee and are not afforded the protection of the First Amendment.  Therefore, Plaintiff has failed to meet his burden of proving that there was a violation of his right to free speech under the First Amendment, and Sheriff Kirby is entitled to qualified immunity against this claim.

          ii.     <u>Fourth Amendment</u>

Second, Plaintiff claims that Sheriff Kirby violated his Fourth Amendment right to due process by failing to grant him a proper appeal and a

10

name-clearing hearing.  Plaintiff's argument fails because Plaintiff has failed to cite any rule requiring the Sheriff of Fannin County to grant an appeal or a name-clearing hearing to a terminated deputy.  Instead, Plaintiff broadly argues that Sheriff Kirby violated the Fourth Amendment and that, under the test laid out in Mathews v. Eldridge, due process requires Plaintiff to have an opportunity to appeal his termination. 424 U.S. 319 (1976).  The Court doubts Plaintiff's conclusion, but assuming that Plaintiff is correct, the question is whether "a reasonable official would understand that what he is doing violates [the right to due process]."  Courson, 939 F.2d at 1488 (internal quotations omitted).

Plaintiff alleges that he sought to appeal his termination "pursuant to Fannin County policy," but as stated above, Plaintiff fails to cite any specific rule requiring Sheriff Kirby to take action beyond Plaintiff's "meeting" with Sheriff Kirby subsequent to Plaintiff's termination.  In the absence of evidence of any such rule requiring further action, the Court holds that Sheriff Kirby acted reasonably and would not have known that the denial of a proper appeal and a name-clearing hearing could potentially violate Plaintiff's right to due

11

process.  Accordingly, Plaintiff has failed to meet his burden and Sheriff Kirby is entitled to qualified immunity against Plaintiff's Fourth Amendment claim.

### iii.   Equal Protection

Finally, Plaintiff alleges violation of his right to equal protection under the Fourteenth Amendment.  While Plaintiff originally asserted that he was discriminated against on the basis of age, Plaintiff voluntarily abandoned his age discrimination claim.  (Pl's. Resp., Dkt. [50] at 11 of 27.)  As such, the basis for Plaintiff's equal protection claim is not clear.  However, as Defendants point out, Plaintiff may be attempting to assert a "class of one" equal protection claim recognized by the Supreme Court in Village of Willowbrook v. Olech. 528 U.S. 562, 564 (2000).  Even if this is Plaintiff's intention, the Court holds that Plaintiff's claim fails.

The Supreme Court has held that a "class of one" equal protection claim "has no place in the public employment context."  Engquist v. Oregon Dept. Of Agric., 553 U.S. 591, 594 (2008).  The reason for this holding is that "[t]he close relationship between the employer and employee . . . mean[s] that considerations such as concerns over personality conflicts that would be

12

AO 72A
(Rev.8/82)

unreasonable as grounds for 'arm's-length' government decisions may well justify different treatment of a public employee." Id. at 604.

As Plaintiff points out, "[he] was at all times . . . employed by Fannin County as a Deputy Sheriff." (Compl., Dkt. [1] ¶ 1.)  Thus, Plaintiff's claims arise out of the public employment context, in which the Court does not recognize a "class of one" equal protection claim.  Having failed to assert a valid basis for an equal protection claim, Plaintiff has failed to meet his burden of proving that Defendant Kirby violated his Fourteenth Amendment rights.  Accordingly, Defendant Kirby is entitled to qualified immunity as to Plaintiff's equal protection claim.

## Conclusion

In accordance with the foregoing, Plaintiff's claims against Fannin County and Plaintiff's age discrimination claim against Sheriff Kirby are **DISMISSED WITH PREJUDICE**.  Defendants' Motion for Summary Judgment [41] is **GRANTED** and the clerk is directed to enter judgment against Plaintiff.

13

**SO ORDERED**, this   1st   day of August, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

14